UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LASHAWNTAE WHITEHEAD,
an individual,

        Plaintiff,

v.                                                                                          CASE NO:

UMA EDUCATION, INC.,
a foreign corporation,

        Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, LASHAWNTAE WHITEHEAD, ("Plaintiff"), by and through her undersigned counsel, hereby sues Defendant, UMA EDUCATION, INC., a foreign corporation ("Defendant"), and states as follows:

1.  Plaintiff brings this action against Defendant for violating the Family and Medical Leave Act of 1993 ("FMLA").

2.  At all times material to this action, Plaintiff was a resident of Hillsborough County, Florida.

3.  At all times material to this action, Defendant was a Florida foreign corporation with its principal place of business in Hillsborough County, Florida.

4.  Venue lies in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(a) because the causes of action set forth herein arose within this district.

5.  On or about October 14, 2013, Defendant hired Plaintiff.

1

6. Plaintiff was eligible for FMLA leave because she had worked for Defendant for at least twelve months, for at least 1,250 hours over the preceding twelve months, and at a location where the Defendant employed 50 or more employees within 75 miles.

7. Plaintiff began working for Defendant on or about October 14, 2013 in the Admissions Department. Thereafter, in March 2017, Plaintiff was promoted to the Learning Services Department.

8. In or about March 2018, Plaintiff suffered from a "serious health condition" that rendered her unable to work.

9. In or about March 2018, Plaintiff applied for intermittent FMLA.

10. Defendant approved Plaintiff's application for intermittent FMLA leave.

11. Thereafter, Plaintiff applied for a recertification of her need for intermittent FMLA leave.

12. Defendant approved both of Plaintiff's applications for intermittent FMLA leave.

13. On October 9, 2018, Defendant terminated Plaintiff's employment because she missed time from work due to her serious health condition. Plaintiff's missed time from work for which she was terminated were absences protected from punishment, retaliation and termination by the FMLA.

14. At the time of her termination, Plaintiff's was entitled to intermittent FMLA leave through December 11, 2018.

## COUNT I
## FAMILY MEDICAL LEAVE ACT - INTERFERENCE

15. Plaintiff re-alleges and adopts the allegations stated in paragraphs 1 through 14 as though fully set forth herein.

16. On October 9, 2018, Plaintiff was an employee of Defendant who was entitled to the protections of the FMLA.

17. Plaintiff applied for FMLA leave.

18. Defendant approved Plaintiff's application for intermittent FMLA leave.

19. Plaintiff exercised her FMLA rights when she missed time from work due to her serious health condition.

20. On October 9, 2018, Defendant violated the FMLA by terminating Plaintiff's employment because she missed work protected by the FMLA and refused to reinstate her to her job and thereby denying her FMLA rights to which she was entitled.

21. By the conduct described above, Defendant engaged in unlawful employment practices and interfered with Plaintiff's lawful exercise of his FMLA rights.

22. Defendant's actions constitute violations of the FMLA.

23. As a result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Injunctive and/or equitable relief;

    f. Costs and attorney's fees;

    g. For any other relief this Court deems just and equitable.

## COUNT II
## <u>FAMILY MEDICAL LEAVE ACT - RETALIATION</u>

24. Plaintiff re-alleges and adopts herein the allegations stated in paragraphs 1 through 14 as though fully set forth herein.

25. Defendant approved Plaintiff's applications for intermittent FMLA leave.

26. Plaintiff exercised her FMLA rights by taking approved intermittent FMLA leave because she was unable to work due to her serious health condition.

27. On October 9, 2018, Plaintiff's employment was terminated by Defendant in retaliation for her exercise of her FMLA rights.

28. Defendant retaliated against Plaintiff for taking, or being entitled to take in the future, intermittent FMLA leave, or both.

29. Defendant's act constitutes a willful violation of the FMLA.

30. As a result of Defendant's unlawful act, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Liquidated damages;

    e. Injunctive and/or equitable relief;

    f. Costs and attorney's fees;

    g. For any other relief this Court deems just and equitable.

DEMAND FOR JURY TRIAL

WHEREFORE, Plaintiff requests a jury trial on all issues so triable.

Dated this 20th day of February, 2019


MORGAN & MORGAN

**/s/*Mitchell L. Fraley*__**
Mitchell L. Fraley, Esq.
Fla. Bar No. 0132888
Attorney for Plaintiff
Morgan & Morgan
201 N. Franklin Street, #700
Tampa, FL 33602
Telephone 813-393-5457
Fax:  813-393-5481
Email:Mfraley@forthepeople.com
*Attorney for Plaintiff*